FILED
2016 Apr-14 AM 09:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOSHUA D. SUTTON, )<br>   APPELLANT, )<br> )<br>vs. )<br> )<br>UNITED STATES OF )<br>AMERICA, )<br>   APPELLEE. )<br> ) | 5:15-po-00405-LSC-HGD-1 |

**Memorandum of Opinion and Order**

**I.   Introduction**

This case is before the Court on appeal by the defendant, Joshua D. Sutton ("Sutton"), from a finding of guilty by the United States Magistrate Judge on charges of killing or crippling migratory game birds without failing to make reasonable efforts to retrieve them. Before the Court is Sutton's motion to dismiss for lack of jurisdiction. (Doc. 13.) The Magistrate Judge filed a report and recommendation on March 7, 2016. (Doc. 14.) On March 21, 2016, this Court entered an Order giving the parties five days to file written objections to the Magistrate Judge's report and recommendation. (Doc. 17.) Sutton timely filed an

objection on March 28, 2016.[1] For the reasons stated below, this Court finds that the Magistrate Judge's report and recommendation is due to be adopted and accepted and Sutton's motion to dismiss is due to be denied.

## II.   Sutton's Objections

From what this Court can ascertain from Sutton's written objection, Sutton objects to the Magistrate Judge's recommendation that the notice of violation was properly sworn to. Fed. R. Crim. P. 58 governs the procedure for cases involving petty offenses, like the one Sutton was charged with. Rule 58 notes that the prosecution of a petty offense may "proceed on a citation or violation notice." Fed. R. Crim. P. 58(b)(1). Rule 58 thus indicates that the charging document for a petty offense need not meet all formal requirements that must be present for the issuance of an indictment, information, or complaint. However, Rule 58 also indicates that the notice of violation must show "probable cause to believe that an offense has been committed and that the defendant has committed it . . . made under oath or under penalty of perjury." Fed. R. Crim. P. 58(d)(3).

---

[1] Sutton has filed a motion for extension of time to file his objections, apparently believing that March 28 was beyond the five-day deadline set by this Court. (Doc. 19.) However, the fifth and last day of the time period to file objections fell on Saturday, March 26. Thus, under Fed. R. Crim. P. 45(a)(1)(C), the period to file objections continued to run until the end of the following Monday, March 28. Fed. R. Crim. P. 45(a)(1)(C). Thus, Sutton's filing of his objections on March 28 was timely, and his motion for an extension of time (Doc. 19) is deemed moot.

Sutton's objection is based on the fact that John Rawls, a United States Fish and Wildlife Service agent, signed the notice of violation despite the fact that Rawls did not observe the violations. Rawls based the notice of violation's statement of probable cause on information given to him by Chad Howell, an officer with the Alabama Department of Conservation. Sutton contends that the statement of probable cause within the notice of violation was improperly based on hearsay testimony from Howell and lacks a properly-sworn signature.

However, "probable cause may be founded upon hearsay," and thus Rawls did not have to directly observe the violation himself. *Franks v. Delaware*, 438 U.S. 154, 165 (1978). Further, despite Sutton's contention that the notice of violation was not sworn to, Rawls's signature appears under the statement of probable cause and immediately below the following sentence: "I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge." Thus, the notice of violation contained a properly sworn statement of probable cause. Accordingly, this Court overrules Sutton's objection to the Magistrate Judge's conclusion that the notice of violation was properly sworn to.

## III. Conclusion

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the Magistrate Judge's report is due to be and is hereby ADOPTED and the Magistrate Judge's recommendation is ACCEPTED. Sutton's motion to dismiss (Doc. 13) is therefore DENIED. Further, Sutton's motion for an extension of time (Doc. 19) is MOOT.

**DONE** and **ORDERED** on April 14, 2016.

_____
L. Scott Coogler
United States District Judge

182184