IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOSHUA D. SUTTON, ) | |
| APPELLANT, ) | |
| ) | |
| vs. ) | 5:15-po-00405-LSC-HGD-1 |
| ) | |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| APPELLEE. ) | |
| ) | |

### Memorandum of Opinion

This case is before the Court on appeal by the defendant, Joshua D. Sutton ("Sutton"), from a finding of guilty by the United States Magistrate Judge for failing to retrieve migratory birds, which he killed, in violation of 50 C.F.R. § 20.25. The appeal is timely and has been briefed by the parties. Sutton raises three issues on appeal: (1) he challenges the Magistrate Judge's jurisdiction to decide the case because the violation notice was not sworn to or signed by a Magistrate Judge; (2) he challenges the Magistrate Judge's interpretation of what "reasonable efforts" means under 50 C.F.R. § 20.25; and (3) he challenges the Magistrate Judge's rejection of his defense of necessity.

## I.   BACKGROUND

The underlying facts central to this appeal revolve around Sutton's shooting and failure to retrieve migratory birds that landed in sewage ponds owned by the Town of Cherokee. The ponds had a large amount of duckweed in them, traceable to migratory birds landing on the ponds. The duckweed from the birds caused the ponds to develop a high E. coli count and possess other diseases like hepatitis, which prompted the Alabama Department of Environmental Management to advise the town to lower the bird population around the ponds. Sutton, along with some other individuals, was given permission by the city council to hunt on the pond as long as they did not go out onto the pond or use city equipment while hunting. The town then instructed an employee to check the ponds daily (except for holidays and weekends) and remove the dead ducks that had washed to the shore. Sutton knew that an employee would eventually come and pick up the ducks that he failed to retrieve. (Doc. 6 at Page 141.)

Sutton was issued two notices of violations regarding shooting and failing to retrieve the ducks from the ponds, each including a "statement of probable cause" and each signed under oath by John Rawls, an officer with the United States Fish and Wildlife Service.

## II. STANDARD OF REVIEW

When a defendant appeals the judgment of a Magistrate Judge convicting him of a petty offense or other misdemeanor "the defendant is not entitled to a trial *de novo* by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58. "Subject matter jurisdiction of the [trial] court is a question of law subject to *de novo* review." *United States v. Moore*, 443 F.3d 790, 793 (11th Cir. 2006). Similarly, with regard to issues of statutory interpretation, this Court reviews the Magistrate Judge's decisions *de novo*. *United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006). With regard to Sutton's contention that the evidence established the defense of necessity and thus there was insufficient evidence to support his conviction, "[t]he Court reviews [the] sufficiency of the evidence *de novo*, with the evidence being viewed in the light most favorable to the government." *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999); *see also United States v. Gant*, 691 F.2d 1159, 1161–62 (5th Cir. 1982) (noting that courts "review the record in a light most favorable to the government" when addressing "whether the record contains sufficient evidence to support the conviction or whether the evidence establishes the defense of . . . necessity").

### III. Discussion

Sutton first contends that the Magistrate Judge did not have subject matter jurisdiction because his notice of violation was not sworn to and lacked a federal magistrate judge's signature. However, Sutton has already raised this issue in this appeal by filing a "Motion to Dismiss." (Doc. 13.) This Court addressed the merits of Sutton's jurisdictional argument when ruling on that motion. For the same reasons stated in that Memorandum of Opinion and Order (Doc. 22), this Court holds that the Magistrate Judge had subject matter jurisdiction in this case.

Sutton also challenges the Magistrate Judge's interpretation of what "reasonable efforts" means under 50 C.F.R. 20.25. The regulation states as follows:

> "No person shall kill or cripple any migratory game bird pursuant to this part without making a reasonable effort to retrieve the bird, and retain it in his actual custody, at the place where taken or between that place and either (a) his automobile or principal means of land transportation; or (b) his personal abode or temporary or transient place of lodging; or (c) a migratory bird preservation facility; or (d) a post office: or (e) a common carrier facility."

50 C.F.R. 20.25. Sutton first contends that because the birds were inedible and should not have been "harvested from the sewage," he was relieved from the obligation to retrieve them. (Doc. 11 at Page 35.) In support of his contention, Sutton points to the Marine Mammal Protection Act, 16 U.S.C. § 1371, which

prohibits the taking of marine mammals, but exempts from this prohibition Alaskan natives if the taking is for subsistence purposes and "is not accomplished in a wasteful manner." 16 U.S.C. § 1371(b). Courts have permitted Alaskan natives charged with violating the Marine Mammal Protection Act to defend their failure to harvest all of the meat from a killed marine mammal if that meat is contaminated or unsafe to eat. *See, e.g.*, *United States v. Omiak*, 28 F.3d 110 (9th Cir. 1994) (finding no error when the jury was instructed that "[i]f you find that the meat was contaminated and unsafe to eat, or that defendants had a reasonable belief that the walrus were contaminated and unsafe to eat, whether or not the belief was mistaken, then you must find the defendants not guilty of the charges against them").

While Sutton contends that similarities between the Marine Mammal Protection Act and the Migratory Treaty Act relieve him from retrieving the inedible ducks, the Court disagrees. While the game may have been both fowl and foul, the regulation at issue here, unlike the Marine Mammal Protection Act, does not have an exception allowing a hunter to leave a bird if doing so would not be wasteful. Without such an exception, the inedible nature of the ducks did not relieve Sutton from complying with federal law.

Sutton further appears to contend that he exercised "reasonable efforts" to retrieve the birds in compliance with the regulation. Specifically, Sutton contends that it would have been unreasonable for him to wade into the pond or otherwise enter it because Cherokee officials had not given him permission to do so and the pond water was dangerously contaminated with, among other diseases, E. coli and hepatitis. The government contends that Sutton's actions were unreasonable and in violation of the regulation because he chose to hunt in a place and manner that any birds he shot would fall into the ponds and thus be irretrievable.

However, the regulation at issue here requires only that the hunter exercise reasonable efforts to retrieve the birds, not that he exercise reasonable discretion in his choice of hunting location. In other words, the reasonableness element qualifies the hunter's efforts to retrieve birds, not the hunter's decision of where to set up his hunt. Here, Sutton would have acted unreasonably had he attempted to enter the pond and retrieve the birds, not unlike a hunter who is denied permission to enter another's property to retrieve a bird that fell there. Because entering the pond to retrieve the birds would have been unreasonable, Sutton made reasonable efforts to retrieve the birds in compliance with the regulation.

The Court understands what law enforcement was attempting to do in this case, but the Court also understands that Sutton was led astray by local government

officials who gave him permission to hunt but not to enter the pond. However, there appears to be a gap in the law to address instances where a hunter shoots a migratory bird knowing that it will fall on property the hunter does not have permission to enter. While Sutton might be guilty of violating that hypothetical regulation, he is not guilty of violating the regulation under which he was charged. The Magistrate Judge erred in his interpretation of what constitutes "reasonable efforts" under the regulation and is due to be reversed. Because reversal is warranted, the Court need not address Sutton's third challenge regarding his defense of necessity.

### IV.  Conclusion

After carefully reviewing the record, the conviction of Joshua D. Sutton in the above-styled case is due to be reversed and the charges referenced above are hereby dismissed. A separate Order consistent with this Memorandum of Opinion will be entered contemporaneously herewith.

**Done** and **Ordered** on May 23, 2016.

L. Scott Coogler
United States District Judge

182184